UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARUT PANCHITKAEW,

                        Plaintiff,

-against-

BLUE RIDGE BEVERAGE COMPANY, INC.; CARLSBERG GROUP,

                        Defendants.

19-CV-9753 (CM)

TRANSFER ORDER

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, who appears *pro se*, brings this action under the Court's diversity jurisdiction. He sues Blue Ridge Beverage Company, located in Salem, Virginia, and Carlsberg Group, a Danish company. He alleges that the events giving rise to his claims occurred in Levittown, Nassau County, New York. For the reasons discussed below, the Court transfers this action to the United States District Court for the Eastern District of New York.

Under 28 U.S.C. § 1391(b), unless otherwise provided by law, a civil action may be brought in a federal district court in a:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under § 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff brings a design-defect claim, alleging that Defendants failed to provide a warning on their oversized cans of beer (32 ounces) alerting customers that the cans could cause "bodily injury." ECF No. 2, at 5. Plaintiff asserts that on October 18, 2019, he purchased a can of beer from a "local retailer," and when he attempted to open the can, he dropped it on his toe, causing the toe to break or fracture.

Plaintiff alleges that he suffered pain for more than two months, and that "his toe would not be the same in term[s] of shape." ECF No. 2, at 6. Attached to the complaint is a medical report issued by CityMD Levittown, showing that Plaintiff visited a doctor on March 4, 2019.

Because Plaintiff does not allege that either Defendant resides in this district or that the events or omissions giving rise to his claims arose in this district, under § 1391(b), venue is not proper here.

Even if venue were proper here, however, the Court may transfer claims "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). "District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006). Moreover, courts may transfer cases on their own initiative. *See Bank of Am., N.A. v. Wilmington Trust FSB*, 943 F. Supp. 2d 417, 426-427 (S.D.N.Y. 2013) ("Courts have an independent institutional concern to see to it that the burdens of litigation that is unrelated to the forum that a party chooses are not imposed unreasonably on jurors and judges who have enough to do in determining cases that are appropriately before them. The power of district courts to transfer cases under Section 1404(a) *sua sponte* therefore is well established." (quoting *Cento v. Pearl Arts & Craft Supply Inc.*, No. 03-CV-2424, 2003 WL 1960595, at *1 (S.D.N.Y. Apr. 24, 2003))); *see also Lead Indus. Ass'n.*

*Inc. v. OSHA.*, 610 F.2d 70, 79 (2d Cir. 1979) (noting that "broad language of 28 U.S.C. § 1404(a) would seem to permit a court to order transfer *sua sponte*").

In determining whether transfer is appropriate, courts consider the following factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under § 1404(a), transfer appears to be appropriate in this case. The underlying events occurred in Levittown, New York, where Plaintiff resides. Levittown is located in Nassau County, which falls within the Eastern District of New York. See 28 U.S.C. § 112(a). Venue is therefore proper in the Eastern District of New York. *See* 28 U.S.C. § 1391(b).

Based on the totality of the circumstances, the Court concludes that it is in the interest of justice to transfer this action to the United States District Court for the Eastern District of New York. 28 U.S.C. § 1404(a).

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. The Clerk of Court is further directed to

transfer this action to the United States District Court for the Eastern District of New York.[1] A summons shall not issue from this Court. This order closes this case.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: November 26, 2019
        New York, New York

COLLEEN McMAHON
Chief United States District Judge

---

[1] On November 19, 2019, the Court granted Plaintiff's request to proceed *in forma pauperis*. ECF No. 4.